# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Holmes, | ) |
|       Plaintiff, | ) |
| vs. | ) |
| Sutherland Global Logistics, LLC, doing business as Seko Logistics – Med Tec, | ) JURY TRIAL DEMANDED |
|       Defendant, | ) |

## COMPLAINT

AND NOW, COMES Plaintiff Patricia Holmes ("Plaintiff") by and through her attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and files this Complaint against Sutherland Global Logistics, LLC, d/b/a/ Seko Logistics – Med Tec ("Defendant") in support thereof avers as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. § 2000e-5, and The Civil Rights Act of 1866 42 U.S.C. § 1981. This Court has pendant jurisdiction over the Plaintiffs' Pennsylvania Human Relations Act (PHRA) claims, 43 Pa. C. S. §951 et seq.

2. This Court can exercise personal jurisdiction over Defendant because, among other things, Defendant continuously and systematically conducts business in the Commonwealth of Pennsylvania. Defendant employed Plaintiff in the Middle District of Pennsylvania and Defendant terminated Plaintiff's employment in the Middle District of Pennsylvania.

**VENUE**

3. Venue is proper in this judicial district because the unlawful employment practice and racial discrimination and retaliation claim alleged in the Complaint was committed within the Middle District of Pennsylvania; Defendant regularly conducts business in the Middle District of Pennsylvania; Plaintiff would be employed in the Middle District of Pennsylvania, but for the unlawful employment practices and Defendant employs numerous individuals in the Middle District of Pennsylvania. Accordingly, venue lies in the United States District Court for the Middle District of Pennsylvania.

**PARTIES**

4. Patricia Holmes is an African American woman who resides at 120 Avon Court, #35, East Stroudsburg, Pennsylvania.

5. Sutherland Global Logistics, LLC, is a Pennsylvania Limited Liability Company doing business as Seko Logistics – Med Tec at 100 Walker Drive, State College, Pennsylvania. Defendant employs more than 15 employees.

6. At all relevant times hereto, Defendant was Plaintiff's employer and was an employer within the meaning of Title VII of the Civil Rights Act and the PHRA.

**ADMINISTRATIVE PROCEEDINGS**

7. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 and specifically:

   a. Plaintiff timely filed written charges alleging racial discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC) and the United States Equal Employment Opportunity Commission (EEOC) on August 29, 2019;

b. Plaintiff received a Notice of Right to Sue Letter from the EEOC on August 12, 2020.

c. Plaintiff filed this Complaint within ninety (90) days of receipt of the Notice of Right to Sue Letters from the EEOC and more than one year after the complaint was filed with the PHRC.

## FACTUAL BACKGROUND

8. In May of 2019, Plaintiff began working as a contract employee for Defendant as a recruiter. Plaintiff performed her job for Defendant so well that on August 14, 2019, Defendant made a written employment offer to Plaintiff for the position of Recruiter/HR Assistant. Plaintiff was to begin her employment under the terms of the written offer on Monday, August 19, 2019.

9. Plaintiff was placed with the Defendant through a company called HR4ALL.

10. During the time that Plaintiff worked for Defendant, Plaintiff experienced unprofessional, harassing and hostile behavior by Defendant's Office Manager, Karin Graham. One incident involved Ms. Graham screaming at Plaintiff because Plaintiff had made a verbal offer of employment, despite the fact that Plaintiff had done exactly what she was instructed to do by Defendant's President.

11. Plaintiff was also told by Defendant's HR Director that Defendant's office in Baltimore paid white employees more than African-American employees and that the company was going to rectify the problem but didn't have anything in place yet.

12. After Plaintiff was given a written employment offer by Defendant's President, Ms. Graham's behavior toward Plaintiff was hostile, rude, short, and condescending.

13. On Thursday, August 15, 2019, Plaintiff asked her supervisor at HR4ALL, Mark Morgenfruh, for guidance on how to best deal with behavior of Ms. Graham. Mr. Morgenfruh advised her to speak with Defendant's HR Director.

14. On Friday August 16, 2019, Plaintiff asked to speak with the HR Director. The HR Director received a text message from Mr. Morgenfruh prior to a meeting that was scheduled at 3:30 p.m. When Plaintiff met with the HR Director at 3:30 p.m., the HR Director, who had witnessed the incident involving Ms. Graham yelling at Plaintiff, demanded that Plaintiff provide the names of other employees who had witnessed the yelling. Plaintiff declined to provide the names of the other employees who witnessed the harassment by Ms. Graham. When the word "harassment" was used, the HR Director said "oh, is it harassment now Patricia." Plaintiff was advised that the offer of employment was rescinded because she did not tell the truth. Immediately thereafter, Plaintiff was asked to pack her personal belongings and she left the premises.

## RACIAL DISCRIMINATION AND HARASSMENT- TITLE VII

### Count I

15. Plaintiff incorporates by reference the averments of Paragraphs 1-14 of the Complaint as if the same were set forth in full.

16. Plaintiff is African American.

17. Plaintiff was qualified to perform the job that was offered to her and subsequently revoked.

18. Plaintiff was treated differently than other employees by Ms. Graham and the offer of employment was rescinded due to racial animus and retaliation.

19. The above described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

20. Defendant's actions were performed with malice and/or reckless indifference to the Plaintiff's federally protected rights.

21. As a direct and proximate result of the above-mentioned employment practices, Plaintiff was deprived of her job and has lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Patricia Holmes demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## DISCRIMINATION/RETALIATION - 42 U.S.C. § 1981.

### Count II

22. Plaintiff incorporates by reference the averments of Paragraphs 1-21 of the Complaint as if the same were set forth in full.

23. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate 42 U.S.C. § 1981.

24. The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiff's federally protected rights.

25. As a direct and proximate result of the above-mentioned employment practices, Plaintiff was deprived of her job and has lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Patricia Holmes demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## PENNSYLVANIA HUMAN RELATIONS ACT VIOLATIONS

### Count III

26. Plaintiff incorporates herein by reference the averments of Paragraphs 1-25 as if the same were set forth in full.

27. Plaintiff is in protected class under the PHRA due to her race.

28. The Defendant is an "employer" as the term is defined in the PHRA. The Defendant's acts as alleged herein violated the Pennsylvania Human Relations Act.

29. Defendant's conduct as set forth above constitutes intentional and willful violations of the PHRA.

30. As a direct and proximate result of the employment practices, Plaintiff has been deprived of her job, lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, loss future opportunities, future substantial pecuniary losses,

non-pecuniary losses. Plaintiff has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which the Plaintiff seeks damage under the PHRA.

    WHEREFORE, Patricia Holmes demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, prejudgment interest, post- judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

    Respectfully submitted,

    THOMSON, RHODES & COWIE, P.C.

Dated October 22, 2020    /s Thomas B. Anderson
    Thomas B. Anderson, Esquire
    PA I.D. #79990

    THOMSON, RHODES & COWIE, P.C.
    Firm No. 720
    Two Chatham Center, 10th Floor
    Pittsburgh, PA  15219
    (412) 232-3400

    Attorneys for the Plaintiff